No. 340
REVELSON v. KRUSE
Ohio Appeals, 1st Dist., Hamilton Co.

No. 2720. Decided Dec. 28, 1925

298. CONTRACTORS—1. Method of payment in itself, is not enough to destroy the standing of an independent contractor as such.

2. An independent contractor is at liberty to choose his own means and methods; and is responsible to his employer only for the results which he has undertaken to bring about.

HAMILTON, J.

Isadore Revelson entered into an agreement with Sam Golden for the erection of an apartment. Golden was to prepare plans and specifications and do all things necessary for instruction of the building.

Golden proceeded with the work and let the contract for the brick work to one Frank Kruse, the walls of which collapsed. There was some arrangement between Golden and Kruse as to the cost of reconstruction of the walls and it is this cost upon which Kruse sued Revelson in the Hamilton Common Pleas.

The verdict of the jury was for Kruse in the full amount claimed and judgment thereon was rendered. Error was prosecuted and it was contended that Golden was an independent contractor and that Revelson was in no way responsible to Kruse. The Court of Appeals held:

1. The lower court charged that "Golden was the agent of Revelson in the construction of the building in question and any acts done by him within the scope of such employment would be binding upon his principal.

2. Under the facts of the case this was error.

3. If under the agreement Golden was a principal contractor, then Revelson would not be bound by instructions given to, or agreements made by Golden and Kruse on the question of rebuilding the wall.

4. "An independent contractor is one who carries on an independent business - - - being left at liberty to choose his own means and methods, and being responsible - - - only for the results which he has undertaken to bring about."

5. It is claimed that Revelson paid most of the bills by check, some of which were made payable directly to the contractors.

6. All of such checks however were sent through Golden's hands or paid on his order.

The method of payment is not without significance; but is by no means the test.

7. There was such strong evidence to support Golden's standing as an independent contractor that the question should have gone to the jury; and prejudicial error was therefore committed in the instructions given.

Judgment reversed.

Attorneys—A. C. Shattuck for Revelson; Harry H. Shafer for Kruse; both of Cincinnati.